UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Edwin Ellinger, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:26-cv-01039-CMS |
| Pacific Climbing Society, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Pacific Climbing Society's Motion to Dismiss Plaintiffs Edwin and Jean Ellinger's Complaint. (Doc. 10). For the reasons explained below, Defendant's Motion to Dismiss is **GRANTED.**

### Factual and Procedural History

On May 18, 2026, Plaintiffs filed their Complaint in St. Louis County Circuit Court. (Doc. 1-5). According to the Complaint, Plaintiffs are owners of real property in St. Louis County. (Doc. 1-1 at 1). To finance the purchase of this property, Plaintiffs "executed a revolving credit agreement and deed of trust securing a home equity line of credit." (Doc. 1-1 at 1). The deed of trust was recorded in St. Louis County. (Doc. 1-1 at 1).

1

The credit agreement included an acceleration clause: if Plaintiffs defaulted on the loan, the lender could "terminate [the] Credit Line Account and require [Plaintiffs] to pay [Defendant] the entire outstanding balance in one payment." (Doc. 1-1 at 2).

At some unspecified time, Plaintiffs defaulted on the loan. (Doc. 1-1 at 2). On June 22, 2015, the loan servicer, Veripro Solutions, sent Plaintiffs a letter stating that the loan balance of $79,962.29 was "past due and now due in full." (Doc. 1-1 at 12). Veripro offered "to negotiate a payment plan or settlement agreement in order to resolve this matter." (Doc. 1-1 at 12).  Veripro attached twelve "coupons" to the letter. (Doc. 1-1 at 14-16). Each of these coupons contained a due date, the amount due of $79,962.29, and the total payment of $79,962.29. (Doc. 1-1 at 14-16). In addition, the coupons contained five blank lines to be completed by Plaintiffs: "Date Paid", "AMT", "Check No.", "Date Due", and "PYMT". (Doc. 1-1 at 14-16).

Plaintiffs' Complaint alleges that Veripro's June 22, 2015, letter "constituted a clear and unequivocal exercise of the lender's contractual right to accelerate the indebtedness." (Doc. 1-1 at 2). Thus, any attempt to collect on that debt after June 22, 2025, Plaintiffs theorize, would be barred by the applicable ten-year statute of limitations. *See* RSMo § 516.110.1 (providing that an "action upon any writing,

2

whether sealed or unsealed, for the payment of money or property" must be brought within ten years).

Plaintiffs' Complaint brings six counts, each premised on the theory that Defendant is attempting to collect on a "legally unenforceable debt": A Missouri Quiet Title claim (Count I); A Missouri Declaratory Judgment Action claim (Count II); A Missouri Request for Injunctive Relief (Count III); a Missouri Slander of Title claim (Count IV); a Fair Debt Collection Practices Act claim (Count V); and a Missouri Merchandising Practices Act claim (Count VI).

After removing this case to federal court, (Doc. 1), Defendant moved to dismiss all six counts of Plaintiffs' Complaint. (Doc. 10).

## Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (*en banc*) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plaintiff must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *K.T. v. Culver-Stockton College*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Park Irmat Drug Corp. v. Express Scripts*

3

*Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012)). The Court assumes all the complaint's factual allegations are true and construes all reasonable inferences in the plaintiff's favor. *Unesko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019) (citing *Retro Television, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012)). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). The Court may also consider documents attached to the complaint and materials necessarily embraced by the pleadings. *Park Irmat Drug Corp.*, 911 F.3d at 512 (quoting *Whitney*, 700 F.3d at 1128).

## Analysis

Defendant argues that all of Plaintiffs' counts should be dismissed for the same reason: the June 22, 2015, letter did not accelerate the debt, and thus the statute of limitations has not run on collecting on that debt. Both parties agree that the ten-year statute of limitations in RSMo § 516.110.1 would be the applicable statute of limitations in this case.

"If it clearly appears from the petition that a cause of action is barred by limitations, a motion to dismiss on that ground is properly sustained." *Klemme v. Best*, 941 S.W.2d 493, 497 (Mo. 1997) (en banc). It stands to reason, then, that a

4

Court may make the legal determination that the statute of limitations has not run at the motion to dismiss stage as well.

In *First Bank Investors' Trust v. Tarkio Coll.*, 129 F.3d 471, 475 (8th Cir. 1997), Judge Pasco M. Bowman II aptly summarized Missouri's law on acceleration clauses. Because the law has not changed (and this Court could not summarize it any better), Judge Bowman's full summary of Missouri law is block-quoted here:

> Under Missouri law, a debtor's failure to pay an obligation on the due date does not automatically accelerate the entire debt, regardless of the existence of an acceleration clause in the agreement. *See Capital City Motors, Inc. v. Thomas W. Garland, Inc.,* 363 S.W.2d 575, 578 (Mo. 1962). An acceleration clause does nothing more than provide a creditor with the option to treat the entire debt as immediately due. *See id.* Exercising that option requires that the creditor perform some unequivocal, affirmative, overt act evidencing its intent to accelerate payment of the debt. *See Don Anderson Enters., Inc. v. Entertainment Enters., Inc.,* 589 S.W.2d 70, 72 (Mo. App. 1979); *Spires v. Lawless,* 493 S.W.2d 65, 73 (Mo. App. 1973). Furthermore, a declaration of intent to accelerate must be followed by some affirmative action toward enforcing the creditor's declared intent to accelerate. *See Spires,* 493 S.W.2d at 73. Missouri courts require particularity in effectuating acceleration because "the acceleration of the maturity of an installment note is a harsh remedy." *Morris v. Granger,* 675 S.W.2d 15, 17 (Mo. App. 1984) (construing due on sale acceleration clause). "A right to accelerate ... should be clear and unequivocal, and if there is a reasonable doubt as to the meaning of the terms employed preference should be given to the construction which will ... prevent acceleration of maturity." *Id.*

*Tarkio Coll.*, 129 F.3d at 475.

5

First, Veripro's letter and attached "coupons" did not constitute a clear and unequivocal act evidencing an intent to accelerate the debt. While the letter stated that the debt was "past due and now due in full," that statement was immediately followed by an invitation "to negotiate a payment plan or settlement agreement in order to resolve this matter." (Doc. 1-1 at 12). The letter also did not state when the entire amount was due. (Doc. 1-1 at 12). And though the attached coupons stated the amount to be paid in full, there were multiple coupons containing blanks to be completed regarding the amounts paid, and the letter did not require payment of the full balance by the time any of those coupons expired. (Doc. 1-1 at 12). *See Tarkio Coll.*, 129 F.3d at 475-76 (finding that a letter was ambiguous when the "letter did not state clearly when, if ever, the post-maturity interest rate of sixteen percent would apply to the outstanding balance of the loan.").

Resisting this conclusion, Plaintiffs argue that this Court is required to accept as true their factual allegation that the letter accelerated the debt at the motion to dismiss stage. But Plaintiffs' position that the letter accelerated their debt is a legal conclusion thinly disguised as a factual allegation. *See Warmington*, 998 F.3d at 796 (stating a court is "not bound to accept as true a legal conclusion couched as a factual allegation") (quoting *Iqbal*, 556 U.S. at 678). And while Plaintiffs frequently emphasize the letter's statement that the whole amount is "past due and now due in full," Plaintiffs seem to suggest that this Court cannot

6

consider the rest of the letter, despite the requirement under Missouri law that acceleration of a debt must be unequivocal. Plaintiffs' factual allegations are allowed every reasonable inference at this stage of the litigation, but that does not require the Court to ignore contrary evidence that Plaintiffs themselves have attached to their Complaint.

As a matter of law, Defendant's June 2015 letter to Plaintiffs did not clearly and unequivocally accelerate the relevant debt. The Court grants Defendant's Motion to Dismiss on this basis.

But even if the letter constituted a clear and unequivocal invocation of the acceleration clause, Plaintiffs' Complaint fails to identify an "affirmative action toward enforcing the creditor's declared intent to accelerate." *Tarkio Coll.*, 129 F.3d at 475 (citing *Spires,* 493 S.W.2d at 73). "A mere declaration that the whole amount is due, without more, does not amount to an election; to be effective, the declaration must be followed by some affirmative action toward enforcing the declared intention." *Spires*, 493 S.W.2d at 73.

For example, in *Spires*, the creditor instructed a trustee to "begin foreclosure proceedings" on the property in question and "took steps to advertise the property for sale." *Id.* The Missouri Court of Appeals held that these overt acts were sufficient to constitute an "affirmative action" that accelerated the debt. *See also Lowry v. Northwestern Sav. & Loan Ass'n.*, 542 S.W.2d 546, 549 (Mo. App. 1976)

7

(finding creditor evidenced an intent to accelerate a debt with a letter threatening foreclosure, an express statement of the creditor's intent to foreclose, and the creditor's "assumption of management control of [debtor's] apartment complex").

Similarly, Plaintiffs do not allege that Defendant has ever invoked the acceleration clause in court proceedings. *See Audsley v. Allen*, 774 S.W.2d 142, 145 (Mo. 1989) (en banc) ("The filing of the counterclaim seeking full payment is wholly sufficient as notice of acceleration."); *First Bank of Marietta v. Hogge*, 161 F.3d 506, 510 (8th Cir. 1998) (holding that a statement in a state court petition that the creditor had "accelerated all payments" constituted an affirmative action).

Thus, this Court grants Defendant's Motion to Dismiss on the additional basis that Plaintiffs' Complaint does not allege that Defendant took any "affirmative action" enforcing Defendant's election of the acceleration clause.

### Conclusion

Defendant's Motion to Dismiss (Doc. 10) is **GRANTED.** Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE